**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANTHONY ROSARIO, | Civil Action No. 16-9227 (PGS) |
| Petitioner, | |
| v. | **MEMORANDUM OPINION** |
| NEW JERSEY DEPARTMENT OF CORRECTIONS, et al., | |
| Respondents. | |

This matter comes before the Court on a Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241 by Petitioner Anthony Rosario. The Court has screened the Petition for summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, applicable to § 2241 cases through Rule 1(b). It appearing;

1. Petitioner's primary habeas challenge concerns the length of time to adjudicate a prison disciplinary charge. *See* ECF No. 1 at 7. Petitioner admits that he is a convicted prisoner serving a valid sentence. *Id.* at 1. Petitioner alleges that he was previously incarcerated at the Albert Bo Robinson Assessment Center ("Bo Robinson"), a halfway house, prior to the disciplinary charge, but was transferred to the Central Reception and Assignment Facility ("CRAF") while awaiting resolution of his disciplinary charge, which, at the time the Petition was filed, had exceeded four months. *Id.* at 7. This delay, Petitioner asserts, violates the New Jersey Administrative Code, and his constitutional due process rights. *Id.* at 7-8. Petitioner seeks to have this Court transfer him back to Bo Robinson. *Id.* at 8.

2. However, federal habeas relief lies only upon challenges to the fact or duration of a petitioner's confinement, and when the relief he seeks is immediate or speedier release from imprisonment. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Petitioner does not seek release from imprisonment, nor can he, because he is a convicted prisoner serving a valid sentence. Rather, what he seeks is a transfer from CRAF to Bo Robinson, presumably because Bo Robinson is a less restrictive facility where Petitioner would be entitled to more privileges. The Third Circuit has already ruled that, under similar circumstances, there is no cognizable habeas claim. *See Levi v. Holt*, 193 F. App'x 172, 175 (3d Cir. 2006) ("Levi's transfer to the Special Housing Unit and the loss of various privileges do not invoke the same due process protections. Additionally, these punishments cannot be challenged under § 2241 because in no manner do they affect the fact or length of his sentence or confinement."). Instead, the appropriate remedy is a civil rights action. *See Preiser*, 411 U.S. at 494 (stating that if a plaintiff is "attacking something other than the fact or length of his confinement, and he is seeking something other than immediate or more speedy release . . . habeas corpus is not an appropriate or available federal remedy," and the attack should "be brought under the Civil Rights Act in federal court."); *Levi*, 193 F. App'x at 174 n.2. As such, the Petition fails to state a claim upon which relief may be granted.

*[signature]*
_____
Peter G. Sheridan
United States District Judge

Date: